## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

JIMMY SHANE CANTRELL                                                    PLAINTIFF
ADC #098730

V.                                    No. 2:23-CV-69-BSM-JTR

SCOFILD, East Arkansas Regional Unit, *et al.*                    DEFENDANTS

### INITIAL ORDER FOR *PRO SE* PRISONERS

You have filed this federal civil rights lawsuit *pro se*, which means you are representing yourself, without a lawyer. Nevertheless, you must still follow the rules and procedures provided in the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Arkansas, and this Order. If you fail to do so, your case may be dismissed.

**First**, follow all court rules. This includes *both* the Federal Rules of Civil Procedure *and* the Local Rules for the Eastern District of Arkansas. In particular, Local Rule 5.5(c)(2) provides that:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

**Second,** the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), creates the **Three Strikes Rule**:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**Third,** you are responsible for *providing the correct names and service address for each Defendant*, including the addresses for the "John/Jane Doe" Defendants. The Court will order service on all properly identified Defendants if it determines that service is appropriate after screening your claims as required by 28 U.S.C. § 1915A.[1] However, you are responsible for providing sufficient identifying information and valid service addresses for each of them.[2] Any Defendant who is not served within 90 days may be dismissed, without prejudice, from the lawsuit. Because the Court has not yet screened the Complaint, **service is not appropriate at this time.**

**Fourth**, unlike criminal cases, you do not have a right to an appointed lawyer in this civil case. If your case proceeds to a jury trial, however, a lawyer will be appointed before your trial.

**Fifth**, discovery requests (such as interrogatories and requests for production of documents) and responses to discovery requests are not permitted to be filed with the Court. Instead, you must mail discovery requests and responses directly to counsel for the Defendant. *See* Fed. R. Civ. P. 5(d). Do not mail discovery requests to Defendants' counsel until *after*: (1) the Court has screened your claims and allowed the case to proceed forward; and (2) counsel for Defendants has filed an Answer or Motion to Dismiss your Complaint.

**Sixth,** do not send documents to the Court, unless: (1) the document is attached to a Motion permitted by the Federal Rules of Civil Procedure or to a Response to a Motion filed by Defendants; or (2) the Court orders you to file documents or other evidence. If you send any other documents to the Court, they will be returned to you.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

[2] If the Court determines service is appropriate for any properly identified Defendant, service will be attempted at through the ADC's Compliance Division. If any Defendant is no longer employed at the ADC, the Court will order the person responding to service to provide that Defendant's last known mailing address **under seal**. Despite these efforts from the Court, it remains your burden of providing a *valid* service address for each Defendant.

**Seventh**, if your case is set for trial, as your trial date approaches, you will be asked to provide a witness list. After reviewing your witness list, the Court will subpoena the necessary witnesses. You should not provide the Court with your witness list until you are directed to do so in a Scheduling Order.

**Eighth**, *every civil case filed by a prisoner requires the plaintiff to pay a filing fee*. 28 U.S.C. § 1915. The PLRA states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). A $402 filing and administrative fee must be paid at the beginning of the lawsuit unless you are granted *in forma pauperis* status.

Court records show that you are a three-striker.[3] **Accordingly, you may not proceed *in forma pauperis* unless you were in imminent danger of serious physical injury at the time you filed your Complaint**. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

In your Complaint, you allege that, since being incarcerated in the East Arkansas Regional Unit of the ADC, you have been: (1) denied the medical classification you believe is necessitated by your diabetic neuropathy, vision impairment, and other chronic conditions; (2) denied working and housing restrictions; (3) provided Tylenol and ibuprofen, instead of prescribed gabapentin; (4) given "medical shoes," instead of "diabetic shoes;" and (5) assaulted three times in less than two years. *Doc. 1*.

The more immediate allegations in your Complaint are that, since being assigned to administrative segregation on March 6, 2023, you have been denied access to grievance forms and your property, including sets of cloths, eye drops and ointment, Icy Hot, eye prothesis, and legal supplies. *Id. at 7*. You also complain that, due to understaffing, you have not been provided: yard call, access to the law library, or a haircut and shave. *Id.* Finally, you allege that the $12 monthly budget for indigent prisoners is not enough to purchase your basic hygiene supplies *and* legal supplies. *Id. at 8–9*.

---

[3] *Cantrell v. Arkansas Department of Correction*, No. 1:16-CV-75-BRW (E.D. Ark. Aug. 16, 2016) (dismissed for failure to state a claim), *summarily aff'd*, No. 16-4100 (8th Cir. 2017); *Cantrell v. Huckabee,* 4:06-CV-37-GH (E.D. Ark. Feb. 21, 2006) (same), *summarily aff'd*, No. 06-2430 (8th Cir. 2007); *Cantrell v. Bogard*, 4:04-CV-577-GTE (E.D. Ark. Nov. 23, 2004) (same), *aff'd*, No. 05-1361 (8th Cir. 2005).

These allegations are insufficient to show you are in *imminent* danger of a *serious* physical injury. Accordingly, you must pay the $402 filing fee in full before you may proceed with this action.

**IT IS THEREFORE ORDERED THAT:** if Cantrell wishes to proceed with this action, he must pay the $402 filing fee on or before **June 15, 2023**.  If he fails to do so, this case may be dismissed, without prejudice.

SO ORDERED this 16th day of May, 2023.


_____

UNITED STATES MAGISTRATE JUDGE