UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JIMMY SHANE CANTRELL                                                                PLAINTIFF
ADC #098730

V.                          No. 2:23-CV-69-BSM-JTR

SCOFILD, East Arkansas
Regional Unit, *et al.*                                                              DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.     Discussion

On March 24, 2023, Plaintiff Jimmy Shane Cantrell ("Cantrell"), an inmate in the East Arkansas Regional Unit ("EARU") of the Arkansas Division of Correction ("ADC"), filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *Doc. 1*.

Specifically, Cantrell alleged that, since being incarcerated in EARU, he has been: (1) denied the medical classification he believes is necessitated by his diabetic neuropathy, vision impairment, and other chronic conditions; (2) denied working and housing restrictions; (3) provided Tylenol and ibuprofen, instead of prescribed gabapentin; (4) given "medical shoes," instead of "diabetic shoes;" and (5) assaulted three times in less than two years. *Id.*

The more immediate allegations in Cantrell's Complaint are that, since being assigned to administrative segregation on March 6, 2023, he has been denied access to grievance forms and his property, including sets of cloths, eye drops and ointment, Icy Hot, eye prothesis, and legal supplies. *Id. at 7*. He also complains that, due to understaffing, he has not been provided: yard call, access to the law library, or a haircut and shave. *Id.* Finally, he alleges that the $12 monthly budget for indigent prisoners is not enough to purchase your basic hygiene supplies and legal supplies. *Id. at 8–9.*

Cantrell's Complaint was not accompanied by the $402 filing and administrative fees. Cantrell has also not filed a Motion to Proceed *In Forma Pauperis* ("IFP Motion"), but to do so would be futile because he is a "three-striker." Under the Prison Litigation Reform Act ("PLRA"), a prisoner who has previously had three or more prior cases dismissed as frivolous or malicious, or for failure to state a claim, may proceed *in forma pauperis* only by meeting the high threshold of

showing he was in *imminent* danger of *serious* physical injury at the time he filed his Complaint. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998). Cantrell has had at least three cases dismissed for failure to state a claim.[1]

Accordingly, in an Order dated May 16, 2023, I directed Cantrell to pay the $402 fee if he wished to proceed with this action. *Doc. 3*. In explaining my reason for doing so, I made it clear that Cantrell's allegations did not satisfy the imminent-danger exception to the three-strikes rule.[2] *Id. at 3.* The Order gave Cantrell until June 15, 2023 to pay the $402 filing and administrative fees, in full, and cautioned him that, if he did not pay the filing fee within that time, his case may be dismissed, without prejudice. *Id. at 4*. Cantrell has not paid the filing fee, and the time for doing so has now expired.

Instead, on June 6, 2023, Cantrell filed a Motion for Extension of Time to file an objection to my Order. *Doc. 4*. In that Motion, which remains pending as of the date of this Recommendation, Cantrell requests an additional sixty (60) days to file

---

[1] *Cantrell v. Arkansas Department of Correction*, No. 1:16-CV-75-BRW (E.D. Ark. Aug. 16, 2016) (dismissed for failure to state a claim), *summarily aff'd*, No. 16-4100 (8th Cir. 2017); *Cantrell v. Huckabee,* 4:06-CV-37-GH (E.D. Ark. Feb. 21, 2006) (same), *summarily aff'd*, No. 06-2430 (8th Cir. 2007); *Cantrell v. Bogard*, 4:04-CV-577-GTE (E.D. Ark. Nov. 23, 2004) (same), *aff'd*, No. 05-1361 (8th Cir. 2005).

[2] *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (ruling that prisoner must offer "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury" to satisfy the exception).

an objection, so that he can do legal research. *Id. at 1–3*. This request for additional time confirms that Cantrell is not in imminent danger of harm.

Also pending before the Court is Cantrell's Motion for Response (*Doc. 7*) and a 112-page motion titled "Motion for Recusal And/Or Motion for Reconsideration (#3) And Findings and Recommendation; Motion for a Ruling (DE#4), And An Extension of Time; And For A Copy Of The Local Rules; And An Immediate Restraining Order, Or Order to Show Cause Why Preliminary Injunctive Relief Should Not Be Ordered" (*Doc. 8*).

In those documents, Cantrell first asks that his Motion for Extension be granted and he be provided a copy of the Local Rules. *Doc. 7, Doc. 8 at 1*. He also alleges that he is currently being denied access to the grievance procedure. *Doc. 8 at 1–3*. Finally, and most important at this stage of the litigation, Cantrell claims that he is "still subject to imminent danger of serious physical injury." *Id. at 4–48*.

Cantrell spends forty-two pages mostly repeating the allegations he made in the Complaint. Most of those concern allegations of *past* constitutional violations. For purposes of determining whether Cantrell may be able to proceed *in forma pauperis*, the Court may only consider whether Cantrell is currently in imminent danger of serious physical injury. *Martin*, 319 F.3d at 1050. (the PLRA's "imminent danger" exception to the three-strikes rule "focuses on the risk that the conduct

4

complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct").

Cantrell believes that he is in imminent danger of physical harm because he is being denied the medical classification, and related work and housing restrictions, he believes he needs due to: (1) having his right eye removed in the early 1990s (*Doc. 8 at 6–13*); (2) diabetic peripheral neuropathy (*id. at 13–16*); (3) continued right knee pain from two surgeries that he had in 1985 and 1986 (*id. at 16–17*); (4) lumbar back pain caused by degenerative disk disease (*id. at 17*); and (5) sharp hip pains (*id.*). Cantrell argues that, unless the Court orders Dr. Kerstein to reinstate his "no stairs" and "lower bunk" restrictions, he is "'under imminent danger of serious injury' by losing [his] balance, mis-judging steps, bumping into another, falling on stairs, down the stairs, to injury [and]/or death." *Id. at 11*. Cantrell claims he has "previously fell on stairs…in the early 90's," and that he's "almost fell on multiple occasions when housed where forced to use stairs." *Id. at 8–9, 11*.

Cantrell also alleges that he is being denied "diabetic shoes" and "effective" pain medication. *Id. at 20–30*. Medical Provider Bennett allegedly told him he did not need the diabetic shoes because he "[does not] have a deformity." *Id. at 21*. For pain medication, Cantrell is being prescribed Meloxicam, an anti-inflammatory drug, and duloxetine, a drug used for diabetic peripheral neuropathy; but he is not receiving gabapentin, his preferred medication for nerve pain. *Id. at 21–22*. Cantrell

argues that the ongoing "wanton infliction of pain" caused by prescribing ineffective pain medication "support the 'imminent danger of serious physical injury.'" *Id. at 23–24*.

Finally, Cantrell argues that he does not have to "plead [imminent danger] with specific facts" because he is a convicted sex offender, and all convicted sex offenders "face such a risk." *Id. at 33*. He claims "a long history of being assaulted" in the ADC and that he was denied protective custody at an unspecified time in the past. *Id. at 33–35*.

Although the exception to the three-strikes rule focuses on the risk of future injury to the plaintiff, the injury must be *likely* and *imminent*. *Martin*, 319 F.3d at 1050. Cantrell states that, in the past, he has been assigned to a top rack in punitive isolation, forced to use stairs, and housed in a cell with another inmate. *Doc. 8 at 10–35*. However, he is currently "locked down on administrative segregation; or what they call restrictive housing." *Id. at 10, 35*. He fears that if he is transferred back to putative isolation, he could again be assigned to an upper rack because he no longer has a "lower rack" restriction. *Id. at 10, 35*. Alternatively, he fears that if he "agree[d] to return to population housing," he could be assigned to a barracks where he would have to "use the stairs many times a day" because he no longer has a "no stair restriction." *Id. at 11*. He also fears that, once he leaves restrictive

housing, he could again be "housed in a two-man cell with a population inmate." *Id. at 35*.

In short, Cantrell acknowledges that he is currently in restrictive housing and would have to "agree" to return to general population, where the alleged imminent danger of stairs and shared housing await. These allegations fall short of showing Cantrell is in *imminent* danger of serious bodily harm.

Additionally, Cantrell has made no allegation that he is in imminent danger of being transferred back to punitive isolation. Even if he did so, his claim that he is "likely to be put back on a top rack" once there is purely speculative. *Id. at 10*. His overly broad allegations that he and other convicted sex offenders are at a higher risk of assault does not show he is at imminent danger of harm while in restrictive housing. *Cf. Ashley*, 147 F.3d at 716 (imminent-danger expectation to the three-strikes rule applied where a prisoner alleged he was "repeatedly placed in proximity to inmates *on his enemy alert list*" (emphasis added)). Finally, Cantrell's allegations of increased pain caused by a lack of diabetic shoes and gabapentin do not show a risk of *serious* bodily harm. *Cf. McAlphin v. Toney*, 281 F.3d 709, 710–11 (8th Cir. 2002) (allegations of deliberate indifference to a *spreading* mouth infection met the three-strikes exception).

Because Cantrell has not shown he is in imminent danger of serious physical harm, he has not overcome the threshold imposed by the PLRA to proceed *in forma pauperis*.

## II.   Conclusion

The Court previously determined that, as a three-striker, Cantrell had failed to show he was entitled to proceed *in forma pauperis* and was required to pay the full $402 filing and administrative fees by June 14, 2023. Cantrell has raised no new allegations that would allow him to proceed *in forma pauperis* and he has failed to pay the fee as directed.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Jimmy Shane Cantrell's Complaint be DISMISSED, without prejudice.

2. All pending Motions (*Docs. 4, 7, 8*) be DENIED, as moot.

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any *in forma pauperis* appeal would not be taken in good faith.

DATED this 10th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE